Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1817 | **DATE** | 4/16/2013 |
| **CASE TITLE** | DeJuan F. Goins (2010-1007256) vs. Cook County Municipality, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $16.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk shall also issue summonses for service of the complaint on the named Defendants (Cook County Municipality and Dr. Hart) and send Plaintiff a copy of this order. In light of the allegations, the Court requests that Sheldon J. Aberman of Cary J. Wintroub & Associates, 10 South LaSalle Street, Chicago, Illinois 60603, 312-726-4009, represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.29 and 83.37.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, DeJuan F. Goins, a pretrial detainee at Cook County Jail, brings this *pro se* civil rights pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $16.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

Plaintiff alleges that on August 20, 2012, he asked a nurse to see a doctor regarding his knee hurting and his inability to bend the knee. The nurse ignored Plaintiff's request. Subsequently, Plaintiff submitted grievances and medical request slips to receive proper medical care for his knee to no avail. Plaintiff continues to suffer from severe pain in his knee.

Plaintiff has sufficiently pled a claim of deliberate indifference to his serious medical needs. Plaintiff does not know the names of the doctors or nurses who have ignored his requests for medical treatment. Plaintiff names Cook County Municipality and Dr. Avery Hart, the Supervisor at Cermak Health Care as Defendants. While Plaintiff has not pled a claim against Cook County Municipality or Dr. Hart, Cook County will remain a Defendant for purposes of indemnification and Dr. Hart remains a Defendant for purposes of identifying the proper Defendants. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995);

| STATEMENT |
|---|
| *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996).<br>      The United States Marshals Service is appointed to serve the named Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Cook County/Cermak Health Care employee who can no longer be found at the work address provided by Plaintiff, Cook County/Cermak Health Care shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.<br>      In light of the seriousness of the alleged medical issue, the Court hereby requests that Sheldon J. Aberman of Cary J. Wintroub & Associates, 10 South LaSalle Street, Chicago, Illinois 60603, 312-726-4009, represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.29 and 83.37. |